**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONSTANCE O'NEAL,** | ) | **Case No. 3:16-cv-62** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BEDFORD COUNTY and CATHY FETTER,** | ) | |
| *acting in her official capacity as the* | ) | |
| **BEDFORD COUNTY** | ) | |
| **PROTHONOTARY/CLERK OF COURTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

In this civil-rights case, plaintiff Constance O'Neal has sued Bedford County, Pennsylvania, and Bedford County's Prothonotary/Clerk of Courts, Cathy Fetter, in Fetter's official capacity. O'Neal alleges that defendants violated her constitutional rights by erroneously entering into the Bedford County court's docket system the terms of a criminal plea agreement O'Neal accepted in 2005. Pending before the Court is defendants' motion to dismiss (ECF No. 13). For the reasons that follow, defendants' motion to dismiss is **GRANTED**.

I.      Background

The following facts are taken from plaintiff's complaint (ECF No. 1), which the court accepts as true for purposes of deciding the pending motion to dismiss. *See N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014) (citation omitted).

On January 12, 2004 or 2005,[1] Constance O'Neal was arrested after a dispute with her ex-husband. (ECF No. 1 ¶ 13.) O'Neal was charged with theft and receiving stolen property, both graded as second-degree felonies, by the Bedford County District Attorney's Office. (*See id.* ¶¶ 13-14.) The District Attorney's Office offered O'Neal a plea deal; if she pleaded guilty to the reduced offense of theft, graded as a first-degree misdemeanor, then the District Attorney's Office would not pursue all other charges. (*Id.* ¶ 14; ECF No. 1-2 at 2-3.) O'Neal accepted this offer and pleaded guilty to a first-degree misdemeanor charge of theft on April 25, 2005.[2] (ECF Nos. 1 ¶ 14-16; 1-2 at 2-3.)

Although O'Neal's plea agreement and related documents clearly indicated that she had pleaded guilty to a first-degree misdemeanor charge, Bedford County's Prothonotary/Clerk of Courts, Cathy Fetter, erroneously entered the final disposition of O'Neal's case into the court's docket system as a guilty plea to a second-degree felony charge of theft.[3] (ECF Nos. 1 ¶ 2; 1-2 at 9, 12.) Relying on this entry, the Pennsylvania State Police likewise entered the erroneous felony conviction into its Central Repository. (ECF No. 1 ¶¶ 3, 23.) Both erroneous entries went undiscovered for approximately nine years. (*See id.* ¶¶ 3-4.)

---

[1] There is conflicting information as to whether O'Neal was arrested on January 12, 2004, or January 12, 2005. In O'Neal's complaint, she asserts that her arrest date was the 2004 date (ECF No. 1 ¶ 13), but the Pennsylvania State Police Central Repository report attached to her complaint provides both the 2004 and 2005 date (ECF No. 1-2 at 12). To decide the pending motion to dismiss the Court need not and therefore does not resolve this conflict.

[2] The plea agreement indicates that O'Neal pleaded guilty also to harassment, graded as a third-degree misdemeanor. (ECF No. 1-2 at 2.)

[3] In O'Neal's complaint, she initially alleges that a single felony conviction was recorded (ECF No. 1 ¶¶ 2, 19,) but later alleges that two or more felony convictions were recorded (*id.* ¶¶ 23-24, 32-34, 42, 44). Yet the Criminal History Report O'Neal relies on for her allegation that multiple felony charges were recorded reflects only one felony conviction. (ECF No. 1-2 at 12.) At this juncture, because this issue arises on a motion to dismiss, the Court assumes the truth of O'Neal's allegation that multiple felony convictions were recorded. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In those nine years, as a result of the erroneous conviction data, O'Neal was denied

scholarships as well as employment and other academic opportunities.  (*Id.* ¶¶ 4, 26-34.)  In

February 2012, O'Neal was accepted as a student by the University of Pittsburgh-Johnstown.

(*Id.* ¶ 28.)  But after she completed paperwork for a criminal background check, O'Neal's

admission was rescinded without explanation.  (*Id.*)  Similarly, O'Neal was accepted by St.

Francis University in 2013 and offered a $24,000 scholarship.  (*Id.* ¶ 30.)  But after she once again

completed paperwork for a criminal background check, O'Neal's scholarship was rescinded

and she withdrew from school.  (*Id.* ¶ 31.)  Furthermore, in March 2014 two prospective

employers notified O'Neal that she was disqualified from working for them based on her

criminal record.  (*Id.* ¶¶ 32-33.)  It appears that these notices by her prospective employers

revealed the erroneous conviction data to O'Neal, who then took steps to have her record

corrected; in March 2014, Fetter corrected the entry and informed the Pennsylvania State Police

of the error.  (*Id.* ¶ 25.)

On March 4, 2016, O'Neal filed this case against Bedford County and Cathy Fetter in

Fetter's official capacity as Bedford County's Prothonotary/Clerk of Courts.  O'Neal brings this

case under 42 U.S.C. § 1983, alleging that defendants violated her rights to meaningful

educational and employment opportunities under the Fourteenth Amendment to the United

States Constitution.  O'Neal seeks compensatory damages.

## II.     Jurisdiction & Venue

Because O'Neal's claims arise under the Constitution and laws of the United States, this

Court has jurisdiction pursuant to 28 U.S.C. § 1331.  And because a substantial part of the events

giving rise to O'Neal's claims—namely the erroneous recording of the disposition of O'Neal's

2005 criminal charges—occurred in the Western District of Pennsylvania, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III.    Legal Standards

### A.    Motion to Dismiss

Defendants have filed a motion to dismiss O'Neal's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) allows a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted.

The legal standard for a Rule 12(b)(6) motion is well established.  In determining the sufficiency of a complaint, a district court must conduct a two-part analysis.  First, the court should separate the factual and legal elements of the claims.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the court must determine whether the factual matters alleged are sufficient to establish that the plaintiff has a "plausible claim for relief."  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint, however, need not include "detailed factual allegations."  *Phillips*, 515 F.3d at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court must also accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the non-moving party.  *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)).  But "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Rather, the complaint must present

sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir .2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has stated a "plausible claim for relief" is a context-specific inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The record to consider in making this determination includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis and citation omitted). If a claim is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment regardless of whether a plaintiff seeks leave to amend, unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236 (citation omitted).

**B.    Section 1983**

O'Neal brings this suit under 42 U.S.C. § 1983, alleging that defendants violated her rights to meaningful educational and employment opportunities under the Fourteenth Amendment to the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Section 1983 does not create any substantive rights, but instead provides a remedy for violations of a federal constitutional or statutory right. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid § 1983 claim, a plaintiff "must demonstrate a violation of a right protected by the

Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). If a § 1983 claim is based on a Due Process violation—either substantive or procedural—the plaintiff must allege the deprivation of a constitutionally protected interest. *See O'Donnell v. Simon*, 362 F. App'x 300, 303 n.3 (3d Cir. 2010) (citing *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1256 (3d Cir. 1994)).

A threshold question in § 1983 cases is whether the defendant qualifies as a "person" subject to suit under § 1983. The Supreme Court, relying on the ordinary meaning of the term "person" and based on federalism concerns, has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *Will*'s holding regarding state officials may seem strange—state officials are obviously persons in a literal sense—but its holding follows from the conclusion that Congress, in enacting § 1983, did not intend to subject states to suit. *See id.* at 66. And an official-capacity suit against a state official "is not a suit against the official but rather is a suit against the official's office." *Id.* at 71 (citation omitted). Thus, because § 1983 was not intended to apply to states, state officials are not persons for purposes of § 1983 when sued in their official capacity.

Section 1983's "person" framework as it relates to state officials is complicated further by whether the relief sought is monetary or injunctive. In *Will*, the Supreme Court held also that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14). Thus, although state officials sued in their official capacity are not persons under § 1983 when sued for monetary damages, they are persons under § 1983 when sued for injunctive relief.

Section 1983 claims against municipalities and other local government units are more straightforward. Unlike states and state officials sued in their official capacity for monetary damages, municipalities and other local government units are in fact "persons" subject to liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But local governments qualify as "persons" under § 1983 only if they are "not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n.54.

## IV.    Analysis

Defendants advance two main arguments in support of their motion to dismiss. First, they argue that O'Neal has failed to state a valid claim under the Fourteenth Amendment. Second, they argue that even if O'Neal has stated a valid claim, at least Fetter is immune from suit here under the doctrine of qualified immunity. Because the Court agrees with defendants' first argument—O'Neal has failed to state a valid claim—the Court will not reach defendants' immunity argument. As explained below, the Court will dismiss O'Neal's claim against Fetter without prejudice and dismiss O'Neal's claim against Bedford County with prejudice.

### A.    O'Neal's Claim Against Fetter in Fetter's Official Capacity as Prothonotary/Clerk of Courts of Bedford County

O'Neal's claim against defendant Fetter in Fetter's official capacity as Prothonotary/Clerk of Courts of Bedford County must be dismissed because Fetter is not a person subject to suit under § 1983. Although in Pennsylvania prothonotaries and clerks of courts are nominally designated as officials of their respective county, 42 Pa. Cons. Stat. §§ 2731(a), 2751(a), they are actually officials of Pennsylvania's courts, §§ 2737(5), 2757(5); *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013). And Pennsylvania's courts are state rather than local

entities. *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000); *Benn v. First Judicial District*, 426 F.3d 233, 241 (3d Cir. 2005); *Brown*, 73 A.3d at 519. Thus, in Pennsylvania prothonotaries and clerks of courts are state officials. Pennsylvania prothonotaries and clerks of courts are therefore not persons subject to suit under § 1983 when sued in their official capacity for monetary damages. *Kunkle v. Naugle*, No. 15-4107, 2016 WL 4410574, at *2 (3d Cir. Aug. 19, 2016) (affirming dismissal of § 1983 official-capacity claim against Lehigh County Prothonotary/Clerk of Courts because she was not person under § 1983); *Malcomb v. Beaver County Pennsylvania (Prothonotary)*, 13-cv-1772, 2014 WL 3892023, at *2 (W.D. Pa. July 31, 2014) ("The Prothonotary's Office (and thus the Prothonotary in her official capacity) . . . is not a 'person' under § 1983." (footnote omitted)); *Culkin v. Kuhn*, 13-cv-431, 2014 WL 1414804, at *4 (W.D. Pa. Apr. 11, 2014) (same).

Nor does *Brightwell v. Miller*, 92-cv-2649, 1993 WL 429083 (E.D. Pa. Oct. 21, 1993)—cited by O'Neal for the proposition that Fetter is not entitled to any immunity—hold differently. First, in *Brightwell*, the clerk-of-courts defendant was sued in both his official and personal capacity, 1993 WL 429083, at *1, and state-officials sued in their personal capacity do qualify as persons under § 1983, *Hafer v. Melo*, 502 U.S. 21, 27 (1992). Second, *Brightwell* did not address the § 1983 "person" question. And finally, *Kunkle* firmly establishes that prothonotaries and clerks of courts are not persons subject to suit under § 1983 when sued in their official capacity for monetary damages. 2016 WL 4410574, at *2.

Thus, because O'Neal has sued Fetter for monetary damages only in Fetter's official capacity as Prothonotary/Clerk of Courts of Bedford County, and because in Pennsylvania

prothonotaries and clerks of courts are state officials, Fetter is not a person subject to suit under

§ 1983.  O'Neal's claim against Fetter will therefore be dismissed.

### B.      O'Neal's Claim Against Bedford County

Because O'Neal has failed to allege any facts that would support liability on the part of

Bedford County, her claim against Bedford County must also be dismissed.  Although Bedford

County, as a local government unit, qualifies as a person subject to liability under § 1983, *see*

*Monell,* 436 U.S. at 690, O'Neal must identify a policy or custom of Bedford County that caused

the constitutional violation in order to make out a valid § 1983 claim, *Thomas v. Cumberland*

*County*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 691)).  In a § 1983 claim against

a local government unit, liability attaches when it is the government unit's policy or custom

itself that violates the Constitution, or when the policy or custom—although not

unconstitutional itself—is "the 'moving force' behind the constitutional tort of one of [the

government's] employees."  *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)

(quoting *Polk County. v. Dodson*, 454 U.S. 312, 326 (1981)).

O'Neal's complaint does meet this standard.  She has identified no policy or custom of

Bedford County that violates the Constitution or was the motivating factor behind the alleged

constitutional tort.  In fact, O'Neal's complaint contains no allegations specific to Bedford

County at all.  Rather, O'Neal's claim against Bedford County appears to be based on a theory

of *respondeat superior*.[4]  But a § 1983 claim cannot be predicated on a theory of *respondeat superior*

---

[4] O'Neal seemingly concedes this in her opposition to defendants' motion to dismiss, where she argues that "Bedford County, although not the employer of [Fetter] . . . is liable for [Fetter's] actions taken on behalf of the courts of the county."  (ECF No. 26 at 12.)

or vicarious liability. *Monell*, 436 U.S. at 693-94; *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). Thus, O'Neal's claim against Bedford County will also be dismissed.

## C. Leave to Amend

Although the Court will grant defendants' motion to dismiss, the Court will allow O'Neal to amend her complaint to bring a § 1983 personal-capacity claim—or other claims—against Fetter. When a district court dismisses one or more claims pursuant to Rule 12(b)(6), the court must allow the plaintiff the opportunity to amend his or her complaint unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236 (citation omitted). Here, for the reasons discussed above, O'Neal has failed to state a viable § 1983 claim against Fetter or Bedford County. But it is conceivable that O'Neal may be able to state a valid § 1983 personal-capacity claim against Fetter. Thus, it is proper to allow O'Neal to amend her complaint to bring alternative claims against Fetter.

The Court notes, however, that any § 1983 personal-capacity claim by O'Neal against Fetter faces a rocky road. As it stands, O'Neal's complaint is deficient in more ways than this memorandum opinion has discussed. At a minimum, O'Neal's amended complaint will have to identify—with specificity—the constitutional right underlying O'Neal's claim. O'Neal has argued that her § 1983 claim is based on the notion that "meaningful educational and employment opportunities" are constitutionally protected interests. (ECF Nos. 1 ¶ 21; 26 at 4.) But O'Neal's opposition to defendants' motion to dismiss is devoid of any authority supporting that proposition, and does not even discuss whether "meaningful educational and employment opportunities" are constitutionally protected interests. Nor has O'Neal alleged that Fetter's

actions were anything other than negligence—and negligence does not establish a Due Process

violation.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

As for O'Neal's claim against Bedford County, the Court finds that amendment on that

claim would be futile.  A district court may "properly deny leave to amend where the

amendment would not withstand a motion to dismiss."  *Centifanti v. Nix*, 865 F. 2d 1422, 1431

(3d Cir. 1989).  The Court sees no way in which O'Neal could state a viable claim against

Bedford County based on the facts underlying this case.  Bedford County is not vicariously

liable for Fetter's actions, and O'Neal has not alleged any facts which support even the inference

that she can state a viable claim against Bedford County.  Thus, leave to amend is denied on

O'Neal's claim against Bedford County.  Her amended complaint, if any, is to be limited to

claims against Fetter.

## D.    Conclusion

O'Neal's complaint sets forth an unfortunate series of events, which—if true—appear to

have caused her to lose out on substantial educational and employment opportunities.  But

neither the Constitution nor § 1983 is a panacea for any injury a person suffers as a result of

actions by a state official.

Defendants' motion to dismiss is **GRANTED.**  A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTANCE O'NEAL, | ) | Case No. 3:16-cv-62 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BEDFORD COUNTY and CATHY FETTER, | ) | |
| *acting in her official capacity as the* | ) | |
| BEDFORD COUNTY | ) | |
| PROTHONOTARY/CLERK OF COURTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 19th day of January 2017, upon consideration of defendants' motion to dismiss (ECF No. 13) and for the reasons set forth in the memorandum opinion accompanying this order, it is **HEREBY ORDERED** that defendants' motion to dismiss (ECF No. 13) is **GRANTED as follows:**

- Plaintiff's claim against Defendant Bedford County is dismissed with prejudice.
- Plaintiff's claim against Defendant Fetter in Fetter's official capacity as Bedford County's Prothonotary/Clerk of Courts is dismissed without prejudice.
- Plaintiff is granted leave to file **on or before February 12, 2017**, if at all, an amended complaint stating alternative claims against Defendant Fetter.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE